**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DOMINIQUE KIMBELL, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | Civil Action No.: |
| v. | ) | Jury Trial Demanded |
| CHUBBY CATTLE THE INTERLOCK ATLANTA LLC, and CHUBBY GROUP, | ) | |
| Defendants. | ) | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Dominique Kimbell ("Plaintiff"), individually and on behalf of all similarly situated current and former staff employed at Wagyu House Atlanta restaurant by joint employer Defendants Chubby Cattle The Interlock Atlanta LLC ("Defendant Chubby Cattle") and Chubby Group (collectively, "Defendants"), files this Collective Action Complaint against Defendants and alleges as follows:

## I. NATURE OF THE ACTION.

1. This is a collective action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), by failing to pay Plaintiff and similarly situated employees overtime wages at the rate of 1 1/2 times their regular pay for hours worked in excess of 40 during the workweek.

2. Beginning September 2024 and continuing through the present, Defendants illegally failed to pay overtime wages to Plaintiff and other employees

that had regularly worked more than 40 hours per week during certain pay periods.

3. Defendants' violations were willful. Plaintiff seeks recovery of all unlawfully withheld wages, an equal amount in liquidated damages, attorneys' fees, costs, and all other relief the Court deems just and proper.

## II. JURISDICTION AND VENUE.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as this action arises under the FLSA, a federal statute.

5. Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b), because Defendants operate their restaurant within this District, and the events and omissions giving rise to the claims occurred within this District.

6. This Court has personal jurisdiction over Defendant Chubby Group because Chubby Group has purposefully availed itself of the privilege of conducting business in the State of Georgia.

7. Chubby Group owns and operates multiple restaurant locations in Georgia, including Wagyu House Atlanta (the restaurant at issue in this action), Chubby Cattle Duluth (Georgia), Chubby Cattle Atlanta (Georgia), and Chubby Cattle Shabu Duluth (Georgia), all of which are advertised and promoted through Chubby Group's corporate website at chubbygroup.com.

8. Chubby Group derives substantial revenue from its Georgia operations and directs the employment and compensation policies applicable to Wagyu House Atlanta employees.

9. The claims asserted in this action arise directly from Chubby Group's activities in and directed toward Georgia. The exercise of personal jurisdiction over Chubby Group in this forum comports with due process and does not offend traditional notions of fair play and substantial justice.

## III. PARTIES.

10. Plaintiff Dominique Kimbell is an individual residing in the State of Georgia.

11. Plaintiff was an hourly employee of Defendants, working as a butcher/cook at Wagyu House Atlanta since September, 2024.

12. Plaintiff's consent to join this action is filed herewith as Exhibit A.

13. Defendant Chubby Cattle is a Georgia limited liability company doing business as Wagyu House Atlanta, a restaurant located at 1042 Northside Drive, Suite 1300, Atlanta, Georgia 30318.

14. At all relevant times, Defendant Chubby Cattle has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and has been engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).

15. Defendant Chubby Cattle generates annual gross revenues in excess of $500,000, satisfying the FLSA's enterprise coverage threshold.

16. Defendant Chubby Group (formerly known as Chubby Cattle International) is a United States-based food and beverage holding company that owns, controls, and operates Defendant Chubby Cattle and the Wagyu House Atlanta restaurant brand.

17. Chubby Group's principal place of business is outside the State of Georgia, but Chubby Group regularly transacts business in the State of Georgia.

18. As reflected on its corporate website at chubbygroup.com, Chubby Group owns and operates multiple restaurant locations in the State of Georgia, including Chubby Cattle Duluth (Georgia), Chubby Cattle Atlanta (Georgia), Chubby Cattle Shabu Duluth (Georgia), and Wagyu House Atlanta (Georgia).

19. Chubby Group owners, officers, and employees travel to Georgia to inspect Wagyu House Atlanta restaurant and other restaurants that Chubby Group owns.

20. Chubby Group directs employees from restaurants that it owns and operates outside the State of Georgia to relocate and work at Wagyu House Atlanta restaurant.

21. Chubby Group has therefore purposefully availed itself of the privilege of conducting business in this state and has established substantial, continuous, and

systematic contacts with the State of Georgia, such that the exercise of personal jurisdiction over Chubby Group in this Court is reasonable and comports with due process.

22. At all relevant times, Chubby Group owned Defendant Chubby Cattle and controlled the management, employment policies, wages, and day-to-day operations of Wagyu House Atlanta.

23. Chubby Group operates Wagyu House Atlanta as one of its branded restaurant concepts and lists Wagyu House Atlanta as one of its brands on its corporate website.

24. Chubby Group exercises operational control over Defendant Chubby Cattle by, among other things: (a) setting and directing employment and compensation policies (b) controlling the branding, marketing, and reservation systems for Wagyu House Atlanta; (c) exercising authority over hiring, staffing, and management decisions; and (d) directing and overseeing the financial operations of Wagyu House Atlanta, including overtime compensation practices at issue in this action.

25. By virtue of this ownership and operational control, Chubby Group is a joint employer of Plaintiff and all similarly situated Collective members within the meaning of the FLSA, 29 U.S.C. § 203(d).

26. At all relevant times, Chubby Group has been an “employer” within the

meaning of the FLSA, 29 U.S.C. § 203(d), and has been engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).

27. As a holding company operating 40 or more restaurant locations nationwide, Chubby Group generates annual gross revenues well in excess of $500,000, satisfying the FLSA's enterprise coverage threshold.

## IV. FLSA COLLECTIVE ACTION ALLEGATIONS.

28. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons defined as:

> All current and former butcher and back-of-house employees, and other employees effected by overtime wages, employed by Defendants Chubby Cattle The Interlock Atlanta LLC and/or Chubby Group at Wagyu House Atlanta restaurant at any time from September, 2024 to the entry of any judgment (the "Collective").

29. The members of the Collective are similarly situated because they were all subjected to the same unlawful overtime compensation practices for certain time periods, the same unlawful application of the overtime wages, pursuant to Defendants' centralized compensation policies and practices.

30. The number of members of the Collective is sufficiently numerous that joinder of all members is impractical. It is believed that there are over 40 Collective members.

31. The identities of Collective members are ascertainable from Defendants' payroll and employment records.

32. Common questions of law and fact predominate, including: (a) whether Defendants' failed to pay overtime compensation for all hours worked over 40 in a workweek; (b) whether Defendants maintained a policy or practice that resulted in the illegal nonpayment or underpayment of overtime wages under the FLSA; (c) whether Chubby Group is a joint employer of Plaintiff and Collective members within the meaning of the FLSA.

33. Plaintiff will fairly and adequately represent the interests of the Collective and has retained counsel experienced in FLA collective action litigation.

34. A collective action is the superior and most efficient means of resolving the claims of all similarly situated employees, as it avoids duplicative proceedings and conserves judicial resources.

**V. FACTUAL ALLEGATIONS.**

**A. Unpaid Overtime.**

35. Plaintiff and other employees regularly worked more than 40 hours per workweek.

36. Defendant maintained records of hours worked. Despite this, Defendant willfully and/or deliberately failed to pay Plaintiff and other employees overtime wages at a rate of 1 1/2 times their regular rate of pay for hours worked more than 40 hours per workweek in violation of 29 U.S.C. § 207(a)

37. Defendant paid Plaintiff and other employees at a straight hourly rate

with no overtime premium for hours worked in excess of 40 per workweek.

**B. Willfulness.**

38. Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a).

39. Defendants knew, or showed reckless disregard for whether, their overtime practices violated the FLSA.

40. Among other things, Defendants affirmatively misrepresented the overtime compensation practices to their employees, concealing the fact that they were improperly paying a straight hourly rate for overtime hours from September, 2024 through the present.

41. Accordingly, the three-year statute of limitations for willful violations applies.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## Individually and on behalf of the Collective Class

42. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

43. At all relevant times, Defendant was engaged in interstate commerce and/or the production of services for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

44. Defendant employed Plaintiff and members of the Collective within the

meaning of 29 U.S.C. §§ 201 et seq.

45. At all relevant times, Defendant was an enterprise (as that term is defined in 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff and Collective members) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

46. At all relevant times, Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

47. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff and Collective members overtime wages in violation of the FLSA, specifically by failing to pay the overtime premium required by 29 U.S.C. § 207(a) for hours worked in excess of 40 per workweek.

48. The foregoing conduct by Defendant, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

49. Plaintiff and Collective members suffered damages due to Defendant's willful misconduct.

50. Due to the FLSA violations of Defendant, Plaintiff and Collective members were damaged and are entitled to recover from Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. §

216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dominique Kimbell , individually and on behalf of all similarly situated Collective members, respectfully requests a trial by jury and that this Court grant the following relief:

A. Conditionally certifying and certifying this action as a collective action on behalf of Plaintiff and members of the Collective;

B. Prompt issuance of notice to all Collective members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Opt-In, and appointing Plaintiff and his counsel to represent the Collective members;

C. Award of all unpaid wages, including all unpaid overtime wage compensation, due under the FLSA to Plaintiff and Collective members;

D. Award of liquidated damages to Plaintiff and Collective members equal to the unpaid wages pursuant to 29 U.S.C. § 216(b);

E. Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

F. Award pre- and post-judgment interest as permitted by law; and

G. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted, this 23rd day of June 2026.

**HALL & LAMPROS, LLP**

*/s/ Gordon Van Remmen*
Christopher B. Hall
Ga. Bar #318380
Gordon Van Remmen
Ga. Bar #215512
Joseph Quattlebaum
Ga. Bar #319971
300 Galleria Pkwy SE
Suite 300
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
chall@hallandlampros.com
gordon@hallandlampros.com
joseph@hallandlampros.com

*Attorneys for Plaintiff*